IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY
FILED
Nov 16 2023
U.S. DISTRICT COURT
Northern District of WV

**CHRISTOPHER Y. SODOM,**

  **Plaintiff,**

v.          Civil Action No. __1:23-CV-92 (Kleeh/Aloi)__

**WALMART INC.,**

  **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walmart Inc.[1] ("Defendant"), by counsel, hereby gives notice of the removal of the above-captioned action from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia, Clarksburg Division. In support of this removal, Defendant states as follows:

## BACKGROUND

1. August 8, 2023, *pro se* Plaintiff Christopher Y. Sodom ("Plaintiff") filed a civil action against Defendant in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 23-C-217. (*See* copies of the Summons and Complaint, attached hereto as part of Exhibit A).

2. Defendant was served with the Summons and Complaint on October 25, 2023. (*See* Monongalia County Docket Report, attached hereto as part of Exhibit B).

3. In his Complaint, Plaintiff alleges that he was harassed and discriminated against because of his unidentified national origin, that Defendant created a hostile work environment, and

---

[1] Incorrectly identified as "Walmart Super Center" in the Complaint.

that he was retaliated against apparently in violation of federal law as Plaintiff alleges his lawsuit is based upon an unnamed federal law (presumably Title VII). (Exhibit A, Compl.)

4. Removal is appropriate in this case based on diversity jurisdiction.[2]

## THIS COURT HAS DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are citizens of different states.

### A. The Amount in Controversy Requirement Is Satisfied.

6. "[T]he amount in controversy is determined by 'considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.'" *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 427 (N.D.W. Va. 2012) (citing *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936-37 (S.D.W. Va. 1996)).

7. Plaintiff demands damages in the amount of "twenty five millions of dollars [sic]" in Paragraph 3 of his Complaint, (Ex. A, Compl.), an amount in excess of the jurisdictional threshold.

8. In addition, Defendant can establish by a preponderance of the evidence that the amount in controversy has been met. In determining whether the amount in controversy exceeds $75,000, the Court may consider:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

*Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted).

---

[2] Plaintiff's Complaint asserts there is also federal question jurisdiction, but does not cite the source of that jurisdiction.

9. In the Complaint, Plaintiff alleges that the actions of the Defendant have caused him "mental and emotional distress." (Ex. A, Compl.)

10. As to Plaintiff's alleged damages for emotional distress, amounts awarded in other similar cases are persuasive. In wrongful discharge cases, the Supreme Court of Appeals of West Virginia has upheld awards for emotional distress damages based on allegations similar to those in the Complaint for the following amounts:

- $50,000: *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 422 S.E.2d 624, 633 (W. Va. 1992);
- $75,000: *Rodriguez v. Consolidation Coal Co.*, 524 S.E.2d 672, 681 (W. Va. 1999); and
- $150,000: *Page v. Columbia Nat. Res., Inc.*, 480 S.E.2d 817, 835 (W. Va. 1996);

11. Based upon a fair reading of the Complaint, this action more likely than not involves more than $75,000.[3]

### B. The Diversity of Citizenship Requirement Is Satisfied.

12. Removal is permissible if the action "is between citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff and Walmart Inc. are citizens of different States because Plaintiff is a citizen of West Virginia and Walmart Inc. is a Delaware corporation with its corporate headquarters in Arkansas.

13. An individual is a citizen of the state in which she is domiciled. *See Bloom v. Libr. Corp.*, 112 F. Supp. 3d 498, 502 (N.D.W. Va. 2015). Plaintiff provides a personal address on the

---

[3] "[A] defendant's statement in a Notice of Removal concerning the amount in controversy does not constitute a judicial admission to plaintiff's ultimate damage entitlement." *Plyler v. Whirlpool Corp.*, No. 08 C 6637, 2012 WL 469883, at *2 (N.D. Ill. Feb. 13, 2012). "The 'amount in controversy' in a given action is nothing more than the good faith 'damages claimed or relief demanded by the injured party in a lawsuit.'" *Id.* (quoting Black's Law Dictionary (Bryan A. Garner ed., 9th ed., West 2009)); *see also Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (holding that the amount in controversy is generally decided from the complaint itself).

Complaint in Reedsville, West Virginia, admitting that is his current address. (Ex. A, Compl.) Plaintiff's Complaint also provides that he worked at the Walmart Supercenter in the University Town Center in Morgantown, West Virginia. *Id*. "The place where a person lives is taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watts*, 138 U.S. 694, 706, (1891). The totality of the circumstances show that Plaintiff resides and is domiciled in West Virginia and, therefore, is a West Virginia citizen. *See Bloom*, 112 F. Supp. 3d at 502 (N.D.W. Va. 2015) (identifying current residence and place of employment as factors that courts may consider in determining a party's domicile).

14. A corporation is deemed to be a citizen of its state of incorporation and of the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[A] corporation's principal place of business is always its 'nerve center.'" *Cent. W. Va. Energy Co.*, 636 F.3d at 104 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010)). A corporation's "nerve center" is "usually its main headquarters." *Hertz Corp.*, 559 U.S. at 93.

15. Defendant is a corporation incorporated under the laws of Delaware, with its principle place of business in Bentonville, Arkansas. Accordingly, for removal purposes, Defendant is, and has been at all relevant times, a citizen of Delaware and Arkansas.

16. The parties' citizenship is diverse in satisfaction of 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of West Virginia and Defendant is a citizen of Arkansas and Delaware.

## DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

17. This Notice of Removal is filed within 30 days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

18. Venue lies in the United States District Court for the Northern District of West Virginia, Clarksburg Division because the State Action was filed by Plaintiff in the Circuit Court

of Monongalia County, West Virginia, and is now pending in this judicial district. *See* 28 U.S.C. § 1446(a).

19. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon Defendant are attached hereto as Exhibit A.

20. Pursuant to L.R. Civ. P. 3.4, a copy of the docket sheet from the Circuit Court of Monongalia County, West Virginia is attached hereto as Exhibit B.

21. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk for the Circuit Court for Monongalia County, West Virginia.  The Notice of Removal to Federal Court, excluding exhibits, is attached hereto as Exhibit C.

For the foregoing reasons, and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant requests that this action, having been properly removed from the Circuit Court of Monongalia County, West Virginia, be docketed and proceed in this Court.

**WALMART INC.,**
**By Counsel,**

/s/ Eric E. Kinder
Eric E. Kinder (WV State Bar # 8817)
Chelsea E. Thompson (WV State Bar # 12565)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East (ZIP 25301)
P. O. Box 273
Charleston, West Virginia 25321-0273
304.340.3800
304.340-3801 (fax)
ekinder@spilmanlaw.com
cthompson@spilmanlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG DIVISION

**CHRISTOPHER Y. SODOM,**

    **Plaintiff,**

  **v.**                                  Civil Action No. 1:23-CV-92 (Kleeh/Aloi)

**WALMART, INC.,**

    **Defendant.**

### CERTIFICATE OF SERVICE

I, Eric E. Kinder, certify that on November 16, 2023, I mailed a complete copy of the foregoing "Notice of Removal" by United States Postal Service to all parties of record addressed as follows:

        Christopher Y. Sodom
        211 Country Breeze Drive
        Reedsville, WV 26547
        ***Pro Se Plaintiff***

        /s/ Eric E. Kinder
        Eric E. Kinder (WV State Bar # 8817)