IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER Y. SODOM,**

    **Plaintiff,**

  v.                                              Civil Action No. 1:23-cv-92

**WALMART SUPER CENTER,**

    **Defendant.**

### ORDER DENYING MOTION FOR RECONSIDERATION [ECF NO. 46]

Pending before this Court is Plaintiff's pro se motion for reconsideration of summary judgment [ECF No. 46]. On October 4, 2024, this Court adopted the Report and Recommendation, of United States Magistrate Judge Aloi [ECF No. 35], thereby granting Defendant's Motion for Summary Judgment [ECF No. 18] and dismissing Plaintiff's Complaint *with prejudice* [ECF No. 45]. On October 15, 2024, Plaintiff filed a letter to serve as a motion for reconsideration of summary judgment [ECF No. 46]. Defendant subsequently filed its response in opposition to Plaintiff's motion for reconsideration. ECF No. 47.

Under Federal Rule 72 of Civil Procedure, a party must serve and file specific written objections to a Magistrate Judge's proposed findings and recommendations "within 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). Because Plaintiff did not file any written objections, this Court was entitled to adopt the Recommendation so long as

**ORDER DENYING MOTION FOR RECONSIDERATION [ECF NO. 46]**

"there is no clear error on the face of the record." See Diamond v. Colonia Life and Accident Insurance Company, 416 F.3d. 310, 315 (4th Cir. 2005).

A motion for reconsideration should be construed as one under Federal Rule of Civil Procedure 59(e), rather than Rule 60(b), if it is filed within twenty-eight days of the entry of judgment. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); Fed. R. Civ. P. 59(e). Here, the instant motion was filed eleven days after the Court's order.

The Fourth Circuit has recognized that "there are three grounds for amending an earlier judgment:"

> to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See [EEOC v.] Lockheed Martin Corp., 116 F.3d at 112; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. See Russell, 51 F.3d at 749; Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993); FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992); Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990); see also In re: Reese, 91 F.3d 37, 39 (7th Cir. 1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting h[er] case

**ORDER DENYING MOTION FOR RECONSIDERATION [ECF NO. 46]**

after the court has ruled against h[er].'") (quoting Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)); 11 Wright et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996) (quoting RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir. 1992)). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Wright et al., supra, § 2810.1, at 124.

Pac. Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "It is improper to use such a motion to ask the Court to 'rethink what the court has already thought through-rightly or wrongly.'" Turner v. United States, 2014 WL 4805265 at * 2 (N.D. W.Va. Sept. 26, 2014) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Here, Plaintiff's motion for reconsideration [ECF No. 46] does not address any of the justifications necessary to support reconsideration of a properly entered Order. The instant motion does not allege that there has been an intervening change in controlling law, new evidence not available at trial, or a clear error of law or manifest injustice. Instead, Plaintiff moves for reconsideration "due to [] lack of knowledge and the lack of mean

**ORDER DENYING MOTION FOR RECONSIDERATION [ECF NO. 46]**

to hire proper counsel." [ECF No. 46]. This is not a proper basis for reconsidering the grant of summary judgment to Defendant.

Accordingly, Plaintiff's Motion for Reconsideration [ECF No. 46] is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record via email and to Plaintiff via certified mail, return receipt requested. Further, this action is **STRICKEN** from this Court's active docket.

**DATED:** February 3, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA